IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SBA TOWERS VI, LLC, | : | |
| Plaintiff, | : | Civil Action 2:15-cv-2406 |
| v. | : | Judge Edmund A. Sargus, Jr. |
| CITY OF COSHOCTON BOARD OF ZONING APPEALS, | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| Defendant. | | |

**OPINION AND ORDER**

In this case, Plaintiff, SBA Towers VI, LLC ("SBA") maintains that Defendant, City of Coshocton, Board of Zoning Appeals ("Board") violated two provisions of the Telecommunications Act, ("TCA") 47 U.S.C. § 332(c)(7)(B)(iii), related to the claim that the Board failed to support the decision to deny SBA's application for a permit to construct a cellular tower in writing, supported by substantial evidence, and § 3332(c)(7)(B)(i)(II), for purportedly prohibiting the provision of personal wireless services. As relevant here, the parties disagree as to the proper scope of discovery under § 3332(c)(7)(B)(iii). SBA contends that no discovery is warranted as a matter of law. The Board counters that the administrative record in this case is scant such that it must be permitted to engage in discovery because it cannot adequately defend its position. This matter is before the Court for consideration of Plaintiff's Motion regarding the availability discovery for SBA's claim under § 3332(c)(7)(B)(iii). (ECF No. 11.) For the reasons that follow, SBA's Motion is **GRANTED** insofar as no discovery is permissible to support the Board's defense that substantial evidence supports its decision to deny SBA a zoning permit to construct a telecommunications tower.

## I.

SBA desires to construct a telecommunications tower and related facility in an area that has significant gaps in wireless telecommunications coverage offered by Verizon, a national wireless carrier. SBA identified a site at 1205 Cambridge Road, Coshocton, Ohio that would address the need for improved wireless coverage. The City of Coshocton School District owns the real estate identified as the site and leased it to SBA. The lease expressly permits the construction of a telecommunications tower and related facility. (Compl., at ¶¶ 6-8.)

SBA submitted a zoning permit application to the Board regarding its proposed telecommunications tower and facility on March 26, 2015. On May 6, 2015, the Board met to consider SBA's application. By letter dated May 13, 2015, the Board notified SBA that it had denied its zoning application. In the notification letter, the Board indicated that all members voted against the application and that "[s]urrounding home owners objected to a cell tower in residential area." (Compl, ¶¶ 24-26, Exh. B.)

## II.

As relevant to the case at this juncture, SBA contends that the Board violated 47 U.S.C. § 332(c)(7)(B)(iii) by failing to support its decision to deny SBA's zoning permit with substantial evidence contained in a written record. The Board indicates that the administrative record in this case consists only of the Board's denial letter, its May 5, 2015 Meeting Minutes, and two letters from residents opposing SBA's application for a zoning permit. (Def's Mem. in Opp., at 2 (ECF No. 14.) The Board indicates that the meeting was not transcribed, recorded or videotaped but that the Minutes reveal that the Board members had a "lengthy discussion" regarding SBA's zoning permit and that the Board "voted on the appeal." (*Id*.) The Board therefore posits that it is unclear considering the administrative record alone what the members actually discussed and relied upon in

their decision to deny the zoning permit. The Board therefore seeks discovery to establish that it relied on substantial evidence to deny SBA's application.

SBA counters that its claim under § 332(c)(7)(B)(iii) may be summarily adjudicated based on the administrative record as it stands at the time the Board rendered its decision. It maintains that the Board either has a written record that substantially supports its decision or it does not. SBA contends that the TCA does not contemplate discovery for a claim under § 332(c)(7)(B)(iii). The Court agrees.

The Board relies on *Cincinnati Bell Wireless LLC v. City of Middletown*, Case No. 1:07-cv-022, 2008 WL 173296, *8 (S.D. Ohio April 10, 2008) in support of its assertion that discovery is permissible in determining whether a defendant violated § 332(c)(7)(B)(iii). In *Cincinnati Bell*, the Court considered the "totality of the record," including testimony presented at the zoning meeting and the audio-recorded transcript, in determining whether the defendant violated § 332(c)(7)(B)(iii). This case, however, does not support the conclusion the Board draws. It does not suggest that a defendant is entitled to discovery in order to create the record it seeks to defend after it has been sued under § 332(c)(7)(B)(iii).

The Board's reliance on *Sprint Spectrum, L.P. v. Zoning Bd. of Adjustment*, 21 F. Supp. 3d 381, 388 (D. N.J. 2014) is similarly unavailing. In this procedurally complex case, the court initially denied summary judgment on the § 332(c)(7)(B)(iii) claim and did permit discovery outside of the administrative record. The court, however, arrived at this result based on its conclusion that resolution of the issue under plaintiff's § 332(c)(7)(B)(iii) claim depended on resolution of the same factual issues upon which the § 332(c)(7)(B)(i)(II) analysis required. Put another way, the trial court found the two claims to be interrelated such that resolution of whether reasonable alternatives were available depended on facts that would impact its analysis as to

3

whether the board's findings were supported by substantial evidence.  The Court expressly indicated that it "must examine the record as a whole to determine if there is substantial evidence to support the challenged decision. . . .  The Court may not weigh the evidence contained in the record or substitute its own conclusions for those of the Board.  [The Court] condider[s] the record created before the Board. . . ."  *Id.* at 397-98.

Other cases make clear that the Court is limited to the administrative record as it was before the zoning board:

> The "substantial evidence" standard articulated in 47 U.S.C. § 332(7) "is the traditional standard employed by the courts for review of agency action."  *Laurence Wolf Capital Management Trust v. City of Ferndale*, 61 F. App'x 204, 213 (6th Cir. April 10, 2003). Substantial evidence "is more than a scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *New Par* [*v. City of Saginaw*, 301 F.3d 390, 396 (6th Cir. 2002)] (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). This standard is "highly deferential" to the decisions rendered by local planning and zoning authorities.  *Second Generation Properties, L.P. v. Town of Pelham*, 313 F.3d 620, 627 (1st Cir. 2002).  Moreover, *when evaluating whether the ZBA's decision is supported by substantial evidence, the Court may consider only that evidence contained in the administrative record which was presented to the ZBA.  Id.* at 628.

*T-Mobile Cent., LLC v. City of Grand Rapids*, No. 1:06-CV-747, 2007 WL 1287739, at *4 (W.D. Mich. May 2, 2007) (emphasis added); *T-Mobile Central, LLC, v. Charter Township of West Bloomfield*, 691 F.3d 794, 798 (6th Cir. 2012) (noting that, in conducting a substantial evidence review, courts "look to whether the agency explained any credibility judgments it made and whether it gave reasons for crediting one piece of evidence over another. . . ."); *Cincinnati Bell Wireless*, 2008 WL 1732967 at *6 (same); *Sprint Spectrum, L.P. v. Zoning Bd. of Adjustment*, No. 14-5954, 606 F. App'x 669, 672 (3d Cir. April 20, 2015) (holding that an analysis under § 332(c)(7)(B)(iii) "applies to decisions made solely on the basis of the factual record before the agency and are subject of deferential substantial evidence review.").  Accordingly, the Board is not

entitled to discovery.

## III.

For the foregoing reasons, the Board's request for discovery on SBA's claim under § 332(c)(7)(B)(iii) is denied. SBA's Motion (ECF No. 11) is **GRANTED** insofar as no discovery is permissible to support the Board's defense that substantial evidence supports its decision to deny SBA a zoning permit to construct a telecommunications tower.

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Opinion and Order, that party may, within fourteen (14) days, file and serve on all parties objections specifically designating this Opinion and Order and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**


DATE:  November 10, 2015                             /s/  *Elizabeth A. Preston Deavers*
                                                                                 **ELIZABETH A. PRESTON DEAVERS**
                                                                                 **UNITED STATES MAGISTRATE JUDGE**